UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MATTHEW C. WILHAM | Case No.  6:24-po-00162-HBK-1<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No. 6) |

On June 13, 2024, Defendant submitted, via email, a request to appear remotely (via Zoom) for his twice continued initial appearance scheduled for on August 13, 2024 at 1:00 p.m. (Doc. No. 6).  In support, Defendant states his is "currently living on the east coast."  (*Id*.).  Defendant does not identify where he is "living on the east coast" but notably he lists his address as Woodinville, Washington.  (*See Id*.).  The Government has not filed an opposition to the request.  (*Id*.).

Defendant was charged by two bailable citations: Camping Outside Designated Sites of Areas in violation of 36 C.F.R. § 210(b)(10) (Violation No. E2069519 assessing a $230.00 fine and processing fee) and Improper Food Storage in violation of 36 C.F.R. 2.10(d) (Violation No. E2069518 assessing a $205.00 fine and processing fee).  The Violation Notices, General Order 627, and Federal Rule Criminal Procedure 58(d) provides a defendant with the option to post a fixed sum in lieu of a personal appearance.  It is within the Defendant's right to contest a Violation Notice and not pay the fixed sum fine.

Under Rule 43, with the defendant's written consent and the court's permission, a defendant may appear by video teleconference for a misdemeanor offense at the arraignment, plea, trial, and sentencing. Fed. R. Crim. P. 43(b)(2). The court has discretion to permit a party to appear by video teleconference. *United States v. Hiramanek*, 2017 WL 1349580, *2 (E.D. Cal. Apr. 6, 2017) (citing *United States v. Lange*, 963 F.2d 380, 380 (9th Cir. 1992) (unpublished)).

While the Court is sympathetic to the lengthy travel a defendant would have to undertake to attend an initial appearance, distance alone does not justify good cause for a remote appearance. Generally, this Court does not permit a defendant to appear remotely for trial. Nonetheless, an initial appearance is not a hearing where the undersigned would need to assess the relative credibility of witness testimony. *See also Hiramanek*, 2017 WL 1349580 at *5. Accepting Defendant's claim that he is residing on the east coast, the Court will grant Defendant's motion and permit him to appear remotely for his initial appearance. Should Defendant elect to pay the bailable amounts prior to August 13, 2024, his initial appearance will be cancelled.

The Court advises Defendant of the following protocols:

- To participate via Zoom, you will need a device with a microphone and camera, with internet access on the same device.
- Adequate lighting and sound are required for the Court to be able to see and hear you.
- You are encouraged to test Zoom before the hearing and should download the app at least one day before the hearing if using a phone or tablet.
- The Court will not provide technical support for Zoom participants or attendees.
- During the hearing, both your video and sound should be turned on (until you are told to mute yourself) and you should display your name on the video.
- Each participant will speak only when called on by the Judge or the Courtroom Deputy.
- Appropriate attire is mandatory for any appearance in Court. Dress for your Zoom proceedings as if you were attending your court proceedings in the courtroom.

- **Use of a virtual background is prohibited**.
- You should be in quiet location indoors.
- There should not be any other activities going on in your location.

Accordingly, it is **ORDERED**:

1. Defendant's request to appear remotely for his initial appearance (Doc. No. 6) is GRANTED. Defendant may appear for his continued initial appearance on August 13, 2024 via the Court's Zoom application. Defendant must submit a new request for a remote appearance for any future hearings as appropriate.
2. Within five (5) days of receipt of this Order, Defendant shall file a notice of change of address if the Woodinville, Washington address set froth on the Violation Notices and the docket is not his current residential address.
3. The Clerk of Court shall provide a copy of this Order via first class mail to Defendant's address of record and by email to: mwilham3@hotmail.com.

Dated:   July 28, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3